UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

SHAWN PAUL MURRAY,

        Petitioner,

v.                                                                   Case No. 10-12488

BLAINE C. LAFLER,

        Respondent.
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

Michigan prisoner Shawn Paul Murray ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he is being held in violation of his constitutional rights. Petitioner pleaded guilty in the Macomb Circuit Court to first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b, and was sentenced to 12-to-40 years in prison. The petition raises five claims:(1) the sentencing guidelines were inaccurately scored; (2) trial counsel was ineffective for stipulating to the guideline scoring; (3) the trial court relied in incomplete information in fashioning the sentence; (4) trial counsel was ineffective for failing to challenge the complainant's credibility; and (5) the trial court enhanced Petitioner's sentence based on facts not determined by a jury beyond a reasonable doubt. For the reasons discussed below, the court will deny the petition and decline to issue a certificate of appealability.

**I. BACKGROUND**

The charges against Petitioner involved the repeated sexual assault of his stepdaughter from the time she was six years old until she was nine years old. A

medical examination of the child revealed years of tearing, healing, and scarring inside her vagina and rectum. *See* Sent Tr. at 10. Petitioner was charged with seven counts of first-degree criminal sexual conduct and two counts of second-degree criminal sexual conduct.

As he later claimed at sentencing, Petitioner "never wanted to put [her] on the stand or put her through anything more than what I have already." *Id.* at 7. Accordingly, Petitioner, represented by two attorneys, worked out a plea agreement, "to avoid [requiring the child] to testify." *Id.* at 7-8.

The plea agreement called for Petitioner to plead guilty to one count of first-degree criminal sexual conduct. In exchange, the prosecutor agreed to dismiss the other eight charges and cap the minimum sentence at twelve years. The particular count of first degree criminal-sexual conduct that Petitioner pleaded guilty to was significant. Several of the other counts alleged that Petitioner committed the offenses after an amendment to the pertinent statute that called for a mandatory twenty-five year minimum term. Those more serious charges were among the ones the prosecutor agreed to dismiss in exchange for the plea.

The parties stated that they had preliminarily calculated the sentencing guidelines to call for a minimum sentence range between 108-and-180 months. Defense counsel stated that notwithstanding the 12-year cap placed on the minimum sentence, he was reserving the right to argue for a lower minimum sentence at the sentencing hearing.

During the plea colloquy, Petitioner indicated that he understood the charges and the terms of the proposed plea agreement. He also stated that he was satisfied with the

advice he received from his attorneys. The court explained to Petitioner all of the trial rights he would be waiving by pleading guilty, and Petitioner indicated his understanding and desire to admit his guilt. Under oath, Petitioner stated that he "inserted a finger for sexual purposes in the vaginal area" or his nine-year-old step-daughter.

Petitioner likewise denied that any threats were made to induce his plea or that any promises were made to him other than the terms of the agreement. The trial court found that Petitioner's plea was made knowingly, freely, and voluntarily.

At the sentencing hearing, the parties stipulated to lower the scoring of offense variable 11 from 50 points to 25 points. Defense counsel argued to lower offense variable 13 (which concerns a continuing pattern of criminal behavior) but the trial court rejected the argument. As the parties had predicted at the plea hearing, the guidelines were scored at 108-to-180 months. Defense counsel argued for the court to impose a minimum sentence less than twelve years. Petitioner again acknowledged his guilt and apologized to the complainant and the family for his actions. The complainant's mother detailed the harm Petitioner caused to her daughter and the rest of the family. The trial court sentenced Petitioner within the terms of the agreement to 12-to-40 years in prison.

Petitioner requested and was appointed appellate counsel. Appellate counsel applied for leave to appeal in the Michigan Court of Appeals, raising the following claims:

> I. The lower court's sentence was invalid as it was based on inaccurately scored sentence guidelines.
>
> II. Trial counsel was ineffective for stipulating that offense variable 11 was correctly scored.
>
> III. The lower court's sentence was invalid since the judge relied on

inaccurate and insufficient information in character and antecedents.

IV. Ineffective assistance of counsel.

V. Resentencing should occur where the court enhanced the sentence base on facts neither admitted nor proven to a jury beyond a reasonable doubt.

The Michigan Court of Appeals denied the application for leave to appeal "for lack of merit in the grounds presented." *People v. Murray*, No. 289753 (Mich. Ct. App. Feb. 3, 2009). Petitioner subsequently applied for leave to appeal in the Michigan Supreme Court, raising the same claims he asserted to the Michigan Court of Appeals. The Michigan Supreme Court denied the application because the Court was not persuaded that the questions presented should be reviewed. *People v. Murray*, 765 N.W.2d 24 (Mich. 2009) (table).

Petitioner then filed the instant petition, raising the same claims he presented to the state courts.

## II. STANDARD

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214, which govern this case, "circumscribe" the standard of review federal courts must apply when considering an application for a writ of habeas corpus raising constitutional claims, including claims of ineffective assistance of counsel. *See Wiggins v. Smith*, 539 U.S. 510, 520 (2003). As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court's decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court," or it amounted to "an unreasonable determination of the facts in light of the evidence presented in the

4

State court proceeding." 28 U.S.C. § 2254(d) (1)-(2); *Franklin v. Francis*, 144 F.3d 429, 433 (6th Cir. 1998). Under that review standard, mere error by the state court does not justify issuance of the writ; rather, "the state court's [application of federal law] must have been objectively unreasonable." *Wiggins*, 539 U.S. at 520-21 (quoting *Williams v. Taylor*, 529 U.S. 362, 409, (2000) (internal quotes omitted)).

Additionally, this court must presume that the state court's factual determinations are correct. 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct."); *see also West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996) (stating that "[t]he court gives complete deference to state court findings of historical fact unless they are clearly erroneous") (citation omitted).

The Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases . . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams*, 529 U.S. at 405-06.

The Supreme Court has held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause of § 2254(d)(1) "when a state-court decision unreasonably applies the law of this Court to the facts of a

5

prisoner's case." *Williams*, 529 U.S. at 409. The Court has explained that an unreasonable application of federal law is different from an incorrect application of federal law. Under that language, "a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The Supreme Court has continued to emphasize the limited nature of this review. In its recent unanimous decision in *Harrington v. Richter*, 131 S.Ct. 770 (2011), the Supreme Court reiterated that the AEDPA requires federal habeas courts to review state-court decisions with "deference and latitude" and that "[a] state court's determination that a claim lacks merit precludes habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* at 785-86 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

### III. DISCUSSION

### A.

Petitioner first claims that the sentencing guidelines were scored incorrectly. The claim, however, is not cognizable. As an initial matter, the court notes that Petitioner's sentence of 12-to-40 years imprisonment is within the statutory maximum for the offense of conviction. *See* Mich. Comp. Laws § 750.520b. Claims which arise out of a state court's sentencing decision are generally not cognizable upon habeas review unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law. *See Lucey v. Lavigne*, 185 F. Supp. 2d 741, 745 (E.D. Mich. 2001). Petitioner makes no sufficient showing.

Petitioner's claim that the trial court erred in scoring offense variables 11 and 13 of the state sentencing guidelines will not be considered on federal habeas review because it is purely a state law claim. *Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003) ("A state court's alleged misinterpretation of state sentencing guidelines and crediting statutes is a matter of state concern only."); *Haskell v. Berghuis*, 695 F. Supp. 2d 574, 598 (E.D. Mich. 2010); *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006). As noted, habeas relief does not lie for perceived errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Habeas relief is therefore not warranted on this claim.

**B.**

Petitioner's second claim asserts that his counsel was ineffective for failing to challenge the scoring of offense variable 11 of the sentencing guidelines.

A claim of ineffective counsel is governed by a two-pronged "performance and prejudice" test by the reviewing court. *Strickland v. Washington*, 466 U.S. 668 (1984). First, the defendant must show that counsel made serious performance errors, violating the defendant's guarantee of counsel under the Sixth Amendment. *Id.* at 687. Second, the defendant must show that the deficient performance prejudiced the defense, depriving the defendant of a fair and reliable trial. *Id.*

Although the Supreme Court has never expressly extended *Strickland* to noncapital sentencing cases, the Sixth Circuit has applied it in that context with regards to reviewing federal convictions on direct appeal. *See United States v. Stevens*, 851 F.2d 140, 145 (6th Cir. 1988). However, the AEDPA standard of review in 28 U.S.C. § 2254(d)(1) prohibits the use of lower court decisions in determining whether the state

7

court decision is contrary to, or an unreasonable application of, clearly established federal law. *Miller v. Straub*, 299 F.3d 570, 578-579 (6th Cir. 2002). The Ninth Circuit has noted, "[W]hen the Supreme Court established the test for ineffective assistance of counsel claims in Strickland, the [Supreme] Court expressly declined to 'consider the role of counsel in an ordinary sentencing, which . . . may require a different approach to the definition of constitutionally effective assistance.'" *Cooper-Smith v. Palmateer*, 397 F.3d 1236, 1244 & n.39 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 686). Because the Supreme Court has not decided what standard should apply to ineffective assistance of counsel claims in the noncapital sentencing context, there is no clearly established federal law regarding ineffective assistance of counsel claims in noncapital sentencing cases, so as to provide Petitioner with a basis for habeas relief on his claim. *Id*.

In any event, assuming that *Strickland* applies to a noncapital sentencing, Petitioner is unable to show that he was prejudiced by counsel's failure to object to the scoring, because he has failed to establish that his sentence would have been different had counsel objected to the scoring. Petitioner's appellate counsel filed an appeal in which he challenged the scoring of the Michigan Sentencing Guidelines. The Michigan Court of Appeals and the Michigan Supreme Court both denied petitioner leave to appeal.

As the Eleventh Circuit noted, when the alleged attorney error involves the failure to object to a violation of state law that does not involve the enforcement of federal constitutional rights or interests, there is no Supreme Court case which prevents a federal court sitting in habeas review of a state court conviction from looking "to whether

there is a reasonable probability that the do-over proceeding state law provides would reach a different result." *See Hammond v. Hall*, 586 F.3d 1289, 1340 (11th Cir. 2009).

In this case, the Michigan appellate courts upheld the scoring of the Michigan Sentencing Guidelines. Petitioner is therefore unable to show that he was prejudiced by his trial counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Coleman v. Curtin*, 425 F. App'x. 483, 485 (6th Cir. 2011). Petitioner has offered no evidence to show that the state trial court judge would have been inclined to impose a lesser sentence, thus, he is unable to show that he was prejudiced by his counsel's purported ineffectiveness in failing to object to the scoring of his sentencing guidelines. *See Spencer v. Booker*, 254 F. App'x. 520, 525-26 (6th Cir. 2007). Because an objection to the scoring of the sentencing guidelines would have been futile, counsel was not ineffective for failing to object to the scoring of the guidelines. *See Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).

## C.

Petitioner's third claim asserts that the trial court failed to consider alleged mitigating facts when it sentenced Petitioner.

Specifically, Petitioner alleges that his victim was a deceptive and troubled child and first alerted her grandparents about the abuse by falsely claiming that she was pregnant. He further claims that by the age of seven, she was obsessed with male genitalia, and that she would hide in the bathroom so she could watch her grandfather step out of the shower. Petitioner alleges that the complainant would lie naked on her bed and call him into her room. Sometimes, Petitioner complains, she would even grab his genitals and try to touch him while he slept. In other words, Petitioner suggests that

the nine-year-old victim was somehow partially to blame for being raped by her thirty-five-year-old step-father, and that this dynamic should not have been ignored in the pre-sentencing report.

Petitioner was not entitled to consideration of these assertions by the trial court when it imposed sentence. There is no constitutional right to individualized sentencing in non-capital cases. *See Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Even if such information were considered both reliable and mitigating, because Petitioner had no constitutional right to an individualized sentence, no constitutional error would occur if the state trial court failed to consider it on his behalf at sentencing. *See Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002).

Moreover, any error was harmless. At sentencing, Petitioner expressed remorse for his actions, presumably truthfully, and reminded the trial court that he pled guilty in part to protect the child from having to testify at a trial. Petitioner's suggestion now that the trial court would have been more lenient with him had Petitioner attempted to impute to the nine-year-old victim a portion of the blame for his conduct is utter nonsense. Petitioner has not shown any "error" in the trial court not considering these allegations or that such failure could have had a substantial impact on his sentence. *See Brecht v. Abrahamson*, 507 U.S. 619 (1993); *United States v. Vazquez*, 271 F.3d 93, 104 (3d Cir. 2001) (*Brecht* requires defendant to show sentence would have been different in absence of error).

### D.

Petitioner's fourth claim asserts that his Sixth Amendment rights were violated by

his trial attorney's ineffectiveness. Specifically, he claims that his counsel failed to investigate facts concerning the credibility of the complainant which might have given rise to a defense against the charges. The Michigan Court of Appeals rejected Petitioner's claim by denying his application for leave to appeal "for lack of merit in the grounds presented." This decision denying Petitioner relief did not contravene clearly established Supreme Court precedent concerning ineffective assistance of counsel in the context of guilty pleas, so the court will deny his petition for a writ of habeas corpus.

"Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1989) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). The familiar, two-part test of *Strickland*, *supra,* dictates whether a defendant received constitutionally ineffective assistance during the plea process. *Hill*, 474 U.S. at 57. First, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. This objective standard is "highly deferential" to defense counsel, *id.* at 688, especially when a court reviews "the choices an attorney made at the plea bargain stage," *Premo v. Moore*, 131 S.Ct. 733, 741 (2011). Second, the defendant must demonstrate that he was prejudiced by his counsel's deficient performance. *Strickland*, 466 U.S. at 692. When a defendant claims ineffective assistance during the plea process, he establishes prejudice by showing "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "[W]here the alleged error of

11

counsel is a failure to advise the defendant of a potential affirmative defense to the crime charged, the resolution of the 'prejudice' inquiry will depend largely on whether the affirmative defense likely would have succeeded at trial." *Id.*

Because Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the Michigan Court of Appeals, § 2254(d) governs review. *See Sutton v. Bell*, 645 F.3d 752, 755 (6th Cir. 2011). "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id.* at 788.

Petitioner catalogs a number of facts he claims that his trial counsel should have discovered prior to the plea hearing and used in his defense. Essentially, he states that a more thorough investigation would have revealed that the complainant was a truant, a compulsive liar, hated her mother, and had a motive to falsely accuse Petitioner of abuse so that she could leave the home to live with her grandparents.

First, all of this information came from Petitioner. This is not a case where it is alleged that an inadequate investigation failed to reveal the basis for a defense that was unknown. Petitioner knew of the alleged problems with the complainant's credibility and the potential for contesting the charges on those grounds. Instead, he chose to plead guilty for the stated reason of protecting the complainant from having to go through a trial, and also to reduce his exposure from a 25-year minimum term to a 12-year minimum term. Petitioner has failed to demonstrate that his counsel performed

deficiently by negotiating a favorable plea deal and accomplishing Petitioner's goal of not putting the complainant through trial instead of further developing a defense centered on facts Petitioner now alleges he then knew.

Moreover, nowhere in his papers in this court does Petitioner claim that, had his counsel conducted a more thorough investigation, he would have insisted on going to trial rather than accept the plea bargain. This omission is critical and in itself is grounds to reject his claim. *See, e.g., Miller v. Prelesnik*, 2012 U.S. Dist. LEXIS 61766 (W.D. Mich. May 3, 2012). In order to demonstrate prejudice, Petitioner must show "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. Yet Petitioner does not allege that he would have demanded to go to trial but for his counsels' failure to further explore an attack on the complainant's credibility.

Nor would the record support such a finding. It appears that the prosecutor's case was not dependant solely on the word of the complainant; it was also supported by physical evidence of years of tearing, healing, and scarring of the child's genitals. And again, Petitioner knew about the potential to attack the credibility of his step-daughter—with or without a better investigation by his counsel—and nevertheless chose to accept the plea deal. Petitioner has not demonstrated that he was prejudiced by his counsels' conduct.

The summary decision of the state appellate court rejecting Petitioner's claim of ineffective assistance of counsel was therefore not contrary to, nor did it involve an unreasonable application of, clearly established law. Petitioner is not entitled to habeas relief on this claim.

**E.**

Finally, Petitioner alleges that the trial court sentenced him on the basis of facts that he did not admit and that were not proved to a jury.

This claim is based on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely*, the Supreme Court stated that "the 'statutory maximum' for *Apprendi* purposes is the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." 542 U.S. at 303 (emphasis omitted).

The Sixth Circuit has held that *Blakely* does not apply to Michigan's indeterminate sentencing scheme, so long as the sentence does not exceed the statutory maximum. *See Montes v. Trombley*, 599 F.3d 490, 497 (6th Cir. 2010). Petitioner's sentence does not exceed the statutory maximum of life imprisonment. See Mich. Comp. Laws § 750.520b(2)(a). Therefore, his sentence is not invalid under *Blakely*, and he has no right to relief.

### IV.  CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal this decision, a certificate of appealability must issue.  See 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b).  A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  When a district court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner

demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id.* at 336-37. The court concludes that a certificate of appealability is not warranted in this case because reasonable jurists could not debate the court's assessment of Petitioner's claims. The court will also deny Petitioner permission to proceed on appeal in forma pauperis because an appeal could not be taken in good faith.

## V. CONCLUSION

IT IS ORDERED that the petition for a writ of habeas corpus [Dkt. # 1] is DENIED.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that permission to proceed on appeal in forma pauperis is DENIED.

          s/Robert H. Cleland  
          ROBERT H. CLELAND  
          UNITED STATES DISTRICT JUDGE

Dated: October 31, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2012, by electronic and/or ordinary mail.

          s/Lisa Wagner  
          Case Manager and Deputy Clerk  
          (313) 234-5522